In re GULF COAST ORTHOPEDIC
CENTER—Alfred O. Bonati,
M.D., P.A., Debtor.

Bankruptcy No. 96–14739–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 30, 1999.

Charles M. Tatelbaum, Naples, Florida, Michael C. Markham, Clearwater, Florida, for debtor.

Catherine Peek McEwen, Tampa, Florida, for applicant.

**ORDER ON APPLICATION FOR ALLOWANCE OF FEES OF JONATHAN W. LUBELL AND MORRISON COHEN SINGER & WEINSTEIN (Doc. # 484) AND DEBTOR'S OBJECTION TO ALLOWANCE AND COUNTERCLAIM (Doc. # 497)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case and the matters under consideration are the Third Interim Application for Allowance of Fees of Jonathan W. Lubell and Morrison Cohen Singer & Weinstein as Special Counsel for the Debtor (Application) and the Debtor's Objections to Third Interim Application for Allowance of Fees and Application for Allowance of Unauthorized Fees and Costs of Jonathan W. Lubell and Morrison Cohen Singer & Weinstein and Counterclaim (Objection). The Application and the Objection were scheduled for a properly noticed hearing at which time this Court heard argument of counsel for the respective parties. Having considered the relevant part of the record, this Court now finds and concludes as follows:

### THIRD INTERIM APPLICATION BY LUBELL AND MORRISON COHEN SINGER & WEINSTEIN, P.A.

Approximately five or six years prior to the commencement of this Chapter 11 case, the Debtor engaged the services of Attorney Jonathan W. Lubell (Lubell), supposedly an expert in First Amendment related matters. Lubell was employed to sue the Times Publishing Company (d/b/a St. Petersburg Times) (St. Pete Times) on behalf of the Debtor and its principal, Dr. Alfred O. Bonati (Dr. Bonati). Dr. Bonati and this Debtor claimed to have been libeled in a series of articles published in the St. Petersburg Times which were injurious to the Debtor's business and reputation in the community.

In 1992, Lubell on behalf of the Debtor and Dr. Bonati, filed suit against the St. Pete Times for defamation and other claims, in the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 92–5840–CA.

In October 1996, Dr. Bonati, individually, filed his Petition for Relief under Chapter 11 of the Bankruptcy Code. In December 1996, the Debtor filed it's Petition for Relief also under Chapter 11. On March

19, 1997, this Court granted the Debtor's Amended Application to Employ Lubell and his firm, nunc pro tunc to January 2, 1997.

Lubell's First Interim Fee Application sought $41,299.00 in fees and $5,488.25 as reimbursement of expenses. On August 6, 1997, this Court awarded $36,510.00 for fees and $4,669.89 for expenses. The allowance covered the time period of January 2, 1997 through March 31, 1997. Lubell's Second Interim Application for Fees and Expenses sought a fee allowance of $4,774.00 and $606.48 for reimbursement of expenses for the period of April 1, 1997, to June 20, 1997. This Court awarded Lubell $3,500.00 for fees and $278.90 for reimbursement of expenses.

The Application under consideration is for the period of July 1, 1997, through September 30, 1998. In the first component of the Application, Lubell seeks an allowance for legal services rendered in the sum of $26,208.50 and $13,783.86 for reimbursement of expenses in connection with the St. Pete Times litigation. The fee sought is based on 54.4 hours performed by Lubell at a billing rate of $325.00 per hour, plus 46.10 hours performed by an associate billed at the rate of $185.00 per hour.

The lawsuit against the St. Pete Times was dismissed by the Pasco County Circuit Court Judge in January 1998, for failure to prosecute, pursuant to Fla.R.Civ.P. 1.420(3). The record is clear that the services rendered during the subject time period did not produce any meaningful benefit to the estate and the amount sought is grossly excessive.

In the second component of the Application, Lubell seeks an allowance of $6,823.50 as fees and reimbursement of $979.67 in expenses in connection with non-insurance and dischargeability matters. The fee amount sought is based on 20.7 hours performed by Lubell at a billing rate of $325.00 and .40 hours performed by an associate at a billing rate of $240.00. These fees and costs are in connection with claims against the Debtor and Dr. Bonati for alleged medical malpractice. It appears that Lubell withdrew from the malpractice litigation in August 1998 and is no longer rendering legal services to the Debtor in this case.

## OBJECTION BY THE DEBTOR

■ Considering the objections seriatim, the Debtor contends that Lubell committed legal malpractice and, therefore, is not entitled to any fee whatsoever in connection with the Pasco County Circuit Court litigation. The fact that the Debtor and Dr. Bonati claim to have a counterclaim against Lubell has no relevance on the only issue before this Court at this time. The only matter under consideration is the Application.

■ This in turn brings into focus the ultimate issue which is the reasonable amount of fees to be awarded to Lubell as compensation for the services rendered to the estate. The Debtor contends that the hourly rate charged for Lubell and for an associate is not reasonable and not in accordance with the standard of the legal community in this Division. There is no question that the prevailing rate charged in Tampa by bankruptcy practitioners is considerably lower than the rates charged in the Application. On the other hand, this Court is also satisfied that the rates charged are consistent or close to the prevailing New York billing rates. Thus, if one applies the prevailing New York rates, a proposition not without support, the reasonableness of the amount sought for the services must still be judged by taking into account the extent and scope of the services rendered and the value of the services and the benefits produced by the services under consideration. As noted earlier, the Complaint against the St. Pete Times produced no results whatsoever. Lubell's participation in the Amerati suit in the U.S. District Court was secondary

as the main laboring oar was in the hands of Summers, the special counsel retained by the Debtor to defend the malpractice part of the lawsuit. Based on the foregoing, this Court is satisfied that the reasonable amount of compensation shall not be more than $15,000.

As to the expenses incurred, the schedule of expenses lists $7,634.26 in professional fees paid by Lubell for "local appeal counsel." This record is devoid of any evidence that this Court ever authorized Lubell to hire and pay local counsel. Employment of professionals in bankruptcy is governed by Section 327 of the Bankruptcy Code and by Federal Rule of Bankruptcy Procedure 2014. It is elementary that neither the Code nor the Rules authorizes the employment and payment to professionals without express authorization by the court. The Schedule also describes an expense as "database" search without any further explanation. It is utterly impossible to evaluate the propriety of this expense item. Equally, the description of the items of secretarial overtime, undated unspecified travel is deficient and cannot be reimbursed because the overtime is considered overhead and even if it is not, there is nothing in this record to show why the overtime was necessary and what was the hourly rate and the time spent. Lastly, the Application charges twice for the same transcript.

Considering the Third Interim Application and the Debtor's Objection to same, together with the relevant portion of the record, this Court is satisfied that the Debtor's Objection should be sustained in part and overruled in part. The reasonable amount of compensation for the services rendered by Lubell and his firm during the time period involved should be $15,000.00.

The proper amount to be awarded for reimbursement of expenses should be $3,738.47. This Court is specifically disallowing the following items from the request for reimbursement of expenses:

| | |
|---|---|
| Professional fees for "local appeal counsel" | $ 7,634.26 |
| Secretarial overtime | 477.04 |
| Database search | 1,265.82 |
| Undated, unspecified travel | 806.35 |
| Duplicate charge for Transcript | 842.49 |
| Total | $11,025.06 |

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to the Application is sustained in part and overruled in part. The Application is hereby approved and a reasonable value for services rendered during the relevant time period by the Applicant is hereby determined to be $15,000.00 and the reasonable cost allowance for compensable expenses incurred during the relevant time period is hereby determined to be $3,738.47. Therefore, the Applicant is entitled to an administrative expense in the amount of $18,738.47 pursuant to § 503(b), to be paid pursuant to § 507(a) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that this Court's ruling on the Third Interim Application and the Debtor's Objection shall have no preclusive effect whatsoever on any claims the Debtor may have against Special Counsel. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall not pay any amounts allowed in connection with the Third Interim Application until such time as any claims against Special Counsel have been determined by a court of competent jurisdiction.